UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MAURICE A. CHINNERY,


                    Plaintiff,              10 Civ. 882 (DAB)
         v.                                 ORDER

NEW YORK STATE OFFICE OF CHILDREN
AND FAMILY SERVICES and ROGER RASCO,


                    Defendants.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.


     On March 23, 2012, United States Magistrate Judge George A.

Yanthis issued a Report and Recommendation ("Report"),

recommending that the Motion to Dismiss of the New York State

Office of Children and Family Services ("Defendant") be GRANTED

as to Plaintiff's New York State Human Rights Law ("HRL") claims

and DENIED as to Plaintiff's Title VII claims.  (Report at 17.)

For the reasons set forth below, after conducting a de novo

review of Parties' Objections where appropriate, the Report of

Magistrate Judge Yanthis dated March 23, 2012 shall be modified

as to the proper pleading standard for pro se plaintiffs.  (Id at

11).  The Report shall be adopted as to all other findings and

recommendations.  Accordingly, the Court GRANTS Defendant's

Motion to Dismiss Plaintiff's HRL claims and DENIES Defendant's Motion to Dismiss Plaintiff's Title VII claims.

### I.   Objections to the Report and Recommendation

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the Report to which no timely Objection has been made, as long as there is no clear error on the face of the record. DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, "to the extent that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." DiPilato, 662 F. Supp. 2d at 339 (internal quotation marks and ellipses omitted); see also Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments

set forth in the original petition.") (internal quotation marks
omitted). After conducting the appropriate levels of review, the
Court may accept, reject, or modify, in whole or in part, the
findings or recommendations made by the Magistrate Judge.  28
U.S.C. § 636(b)(1).

Plaintiff and Defendant have each filed timely Objections to
Judge Yanthis's Report.  Plaintiff objects to the Report's
findings and recommendations regarding his HRL claims.  Defendant
objects to the Reports's findings and recommendations regarding
Plaintiff's Title VII claims.  The Court takes these arguments in
turn here, applying a <u>de novo</u> review as appropriate to those
portions of the Report addressed by specific Objections of the
Parties.


II.  Plaintiff's Objections

Plaintiff objects to the Report's recommendation that
Defendant's Motion to Dismiss be granted as to his HRL claims.
(<u>See</u> Pl. Obj. at 2.)  Judge Yanthis bases his recommendation on
jurisdictional grounds, finding that the Eleventh Amendment and
the HRL's election-of-remedies provision bar Plaintiff from
bringing his HRL claims in federal court.  (<u>See</u> Report at 9-11.)

Objections of <u>pro se</u> parties are "generally accorded
leniency and should be construed to raise the strongest arguments

that they suggest." <u>Howell v. Port Chester Police Station</u>, No. 09 Civ. 1651(CS), 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (internal quotation marks omitted).  "Nonetheless, even a <u>pro se</u> party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." <u>Id.</u> (internal quotation marks omitted).

Although Plaintiff wholeheartedly disagrees with the Report's recommendation that his HRL claims be dismissed, his Objections do not specifically address Judge Yanthis's finding that the Court lacks subject matter jurisdiction. (<u>See</u> Pl. Obj. at 2.)  Instead, they provide additional examples of Defendant's allegedly discriminatory employment practices.  (<u>See</u> <u>id.</u>) Plaintiff's Objections are therefore insufficient to trigger <u>de novo</u> review of the Report's findings and recommendations as to the HRL claims, and the Court reviews this portion of the Report for clear error.  The Court, having found none, adopts the Report's findings and recommendations regarding Plaintiff's HRL claims.  The Defendant's Motion to Dismiss Plaintiff's HRL claims for lack of subject matter jurisdiction is granted.

III.  Defendant's Objections

4

A.   Pleading Standard for Title VII Claims of Pro Se
     Plaintiffs

Plaintiff claims that Defendant violated Title VII by
discriminating on the basis of Plaintiff's race and sex and
retaliating against Plaintiff after he filed formal complaints
with Defendant's Office of Equal Opportunity and Diversity
Development ("EODD") and the New York State Division of Human
Rights ("NYSDHR").   In his Report, Judge Yanthis recommends that
the Court deny Defendant's Motion to Dismiss as to Plaintiff's
Title VII claims.   (Report at 17.)

Defendant argues in its Objections that Judge Yanthis
applies too liberal a standard of review in assessing the legal
sufficiency of Plaintiff's Complaint.   (See Def. Obj. at 3, 5,
7.)   Specifically, Defendant appears to object to Judge Yanthis's
finding that (1) to withstand a motion to dismiss, a Title VII
plaintiff need not plead facts sufficient to establish a prima
facie case of employment discrimination and retaliation, and (2)
the Court "should not dismiss a pro se complaint 'for failure to
state a claim unless it appears beyond doubt that the plaintiff
can prove no set of facts in support of his claim which would
entitle him to relief.'"   (Report at 11-13 (quoting Hughes v.
Rowe, 449 U.S. 5, 10 (1980)).)

Upon de novo review, the Court finds that to withstand a

5

motion to dismiss, Plaintiff is not required to plead facts
sufficient to establish a prima facie case.  The Supreme Court
has held that "[t]he prima facie case . . . is an evidentiary
standard, not a pleading requirement."  Swierkiewicz v. Sorema
N.A., 534 U.S. 506, 510 (2002); see also Boykin v. KeyCorp., 521
F.3d 202, 212 (2d Cir. 2008)(citing Swierkiewicz to hold that
Plaintiff need not establish prima facie case of discrimination
to withstand Motion to Dismiss); Langford v. Int'l Union of
Operating Eng'rs, Local 30, 765 F. Supp. 2d 486, 497 (S.D.N.Y.
2011) (noting that Swierkiewicz applies to Title VII claims of
disparate treatment and retaliation).  At the pleading stage, a
plaintiff alleging discrimination in violation of Title VII must
provide facts that give the defendant "fair notice of what the
plaintiff's claim is and the grounds upon which it rests."
Swierkiewicz, 534 U.S. at 512.  "[O]ur charge is not to weigh the
evidence that might be presented at a trial but merely to
determine whether the complaint itself is legally sufficient."
Chosun Int'l, Inc. v. Chrisha Creations, Ltd., 413 F.3d 324, 327
(2d Cir. 2005) (internal quotation marks omitted).  In addition,
the plaintiff must have pleaded "enough facts to state a claim to
relief that is plausible on its face."  Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial
plausibility," the Supreme Court has explained, "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotation marks omitted). "In keeping with these principles," the Supreme Court stated, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The Supreme Court decided Twombly and Iqbal after Swierkiewicz, and a recent Second Circuit Summary Order notes that whether Swierkiewicz remains good law after Twombly and Iqbal is "somewhat of an open question in our circuit." Hedges v. Town of Madison, 456 Fed. App'x 22, 23 (2d Cir. 2012); see also Schwab v. Smalls, 435 Fed. App'x 37, 40 (2d Cir. 2011) (noting that "[q]uestions have been raised . . . as to Swierkiewicz's continued viability in light of Twombly and Iqbal" and pointing to a Third Circuit opinion finding that Twombly and Iqbal repudiated part of Swierkiewicz).  However, the Circuit has

7

refrained from overturning Boykin, supra, or from otherwise
deciding the issue.  Instead, the Circuit has stated, "[A]t a
minimum, employment discrimination claims must meet the standard
of pleading set forth in Twombly and Iqbal, even if pleading a
prima facie case is not required."  Hedges, 456 Fed. App'x at 23.
Other judges within this district have reconciled Swierkiewicz,
Twombly, and Iqbal similarly.  See, e.g., Anderson v. Davis Polk
& Wardwell LLP, 850 F. Supp. 2d 392, 402 (S.D.N.Y. 2012)
("Reconciling Swierkiewicz, Twombly, and Iqbal, a complaint need
not establish a prima facie case of employment discrimination to
survive a Motion to Dismiss; however, the claim must be facially
plausible and must give fair notice to the defendants of the
basis for the claim.") (internal quotation marks omitted);
Shamilov v. Human Res. Admin., No. 10 Civ. 8745(PKC), 2011 WL
6085550, at *3, 4 (S.D.N.Y. Dec. 6, 2011) ("For complaints
asserting claims of discrimination, the Iqbal plausibility
standard applies in conjunction with the pleading standards set
forth in Swierkiewicz . . . . Accordingly, to overcome a Rule
12(b)(6) motion to dismiss in an employment discrimination case,
a complaint must give fair notice of the basis of plaintiff's
claims and the claims themselves must be facially plausible.");
Flores v. N.Y.C. Human Res. Admin., No. 10 Civ. 2407(RJH), 2011
WL 3611340, at *1 (S.D.N.Y. Aug. 16, 2011) ("Employment

discrimination complaints need not contain facts establishing
prima facie cases of employment discrimination; instead such
complaints must simply comply with Federal Rule of Civil
Procedure 8(a)(2) and put the defendant on fair notice of what
the plaintiff's claim is and the grounds upon which it rests."); 
Jackson v. NYS Dep't of Labor, 709 F. Supp. 2d 218, 223-24
(S.D.N.Y. 2010)("In the context of a discrimination claim, the
Iqbal plausibility standard applies in conjunction with
employment discrimination pleading standards.  Employment
discrimination claims need not contain specific facts
establishing a prima facie case of discrimination.") (internal
quotation marks omitted), appeal dismissed for lack of appellate
jurisdiction, 431 Fed. App'x 21 (2d Cir. 2011).

Upon consideration of the Second Circuit's approach toward
the Title VII pleading standard and that of other judges within
this district, this Court adopts Judge Yanthis's finding that
Plaintiff need not establish a prima facie case in order to
survive Defendant's Motion to Dismiss.  It is sufficient that
Plaintiff's Complaint give fair notice of the basis of his
claims, and that his claims be facially plausible under Twombly
and Iqbal.

However, on de novo review of Defendant's related Objection,
the Court modifies Judge Yanthis's findings regarding the proper

9

pleading standard for pro se complaints.  The Report incorrectly
states that a "court should not dismiss a pro se complaint 'for
failure to state a claim unless it appears beyond doubt that the
plaintiff can prove no set of facts in support of his claim which
would entitle him to relief.'"  (Report at 11 (quoting Hughes,
449 U.S. at 10).)  Rather, "the 'plausibility' standard
articulated in Twombly and Iqbal applies to the pleadings of pro
se plaintiffs as well as to those of represented litigants."
Thomas v. Calero, 824 F. Supp. 2d 488, 497 (S.D.N.Y. 2011).  Even
in the wake of Iqbal and Twombly, however, "we remain obligated
to construe a pro se complaint liberally."  Harris v. Mills, 572
F.3d 66, 72 (2d Cir. 2009).  A pro se complaint, "however
inartfully pleaded, must be held to less stringent standards than
formal pleadings drafted by lawyers."  Boykin, 521 F.3d at 214
(quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).  The court
should "interpret the complaint liberally to raise the strongest
claims that the allegations suggest."  Grimes v. Fremont Gen.
Corp., 785 F. Supp. 2d 269, 282 (S.D.N.Y. 2011).  The Court thus
modifies Judge Yanthis's findings to reflect the correct standard
for pro se complaints.


        B. Plaintiff's Title VII Discrimination Claim
        Defendant makes two Objections to the Report's findings

regarding Plaintiff's Title VII discrimination claim: (1) several actions Plaintiff claims Defendant undertook are not "adverse employment actions"; and (2) Plaintiff fails to plead facts that raise an inference of discrimination.

### 1. Adverse Employment Actions

Defendant argues that Judge Yanthis should have determined whether three of the five alleged employment actions were adverse. (Def. Obj. at 7-9.) The Court, upon de novo review, adopts Judge Yanthis's finding that it is unnecessary to decide at the pleading stage whether these three particular allegations constitute adverse employment actions. To survive a motion to dismiss, a plaintiff "must allege facts from which a trier of fact could plausibly conclude that he suffered an adverse employment action because of discrimination on the basis of the plaintiff's protected status." Williams v. City of New York, No. 11 Civ. 9679(CM), 2012 WL 3245448, at *4 (S.D.N.Y. Aug. 8, 2012) (citing Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007) (per curiam)). However, at the pleading stage, a court need not determine that every fact a plaintiff alleges amounts to an adverse employment action. Requesting this level of analysis "mistake[s] [Plaintiff's] burden at this stage in the litigation" because "whether certain employment actions qualify as adverse

for the purposes of Title VII, is a fact-specific inquiry . . .
to be resolved at a later stage of litigation." Flores, 2011 WL
3611340, at *8 (internal quotation marks omitted).

The two cases Defendant cites are not to the contrary; they
examine the adverseness of the alleged employment actions to
determine whether a jury could plausibly conclude that Plaintiffs
suffered any adverse employment action because of discrimination.
See Salaam v. Syracuse Model Neighborhood Facility, No. 11 Civ.
948(MAD), 2012 WL 893487, at *5 (N.D.N.Y. Mar. 15, 2012)(finding
that Plaintiff failed to allege plausibly any facts indicating
that an adverse employment action had resulted from
discrimination); Roff v. Low Surgical & Medical Supply, Inc., No.
03 Civ. 3655(SJF), 2004 WL 5544995, at *4 (E.D.N.Y. May 11, 2004)
(finding that Plaintiff failed to allege plausibly any facts
constituting an adverse employment action).  In contrast, at
least one of Plaintiff's allegations – his suspension without pay
– plausibly constitutes an adverse employment action.  See, e.g.,
Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 223 (2d
Cir. 2001) ("[S]uspension without pay is sufficient to constitute
an adverse employment action."); Satterfield v. United Parcel
Serv., Inc., No. 00 Civ. 7190(MHD), 2003 WL 22251314, at *10
(S.D.N.Y. Sept. 30, 2003) ("[Plaintiff's] one-day suspension . .
. arguably does fall within the Second Circuit's definition of

'materially adverse' action since plaintiff presumably was forced
to forego one day's worth of wages."); <u>Page v. Conn. Dep't of
Pub. Safety, Div. of State Police</u>, 185 F. Supp. 2d 149, 157 (D.
Conn. 2002) ("In this Circuit, suspension without pay constitutes
adverse employment action.").  Because Plaintiff has plausibly
alleged at least one adverse employment action, the Court finds
on <u>de novo</u> review that parsing Plaintiff's Complaint to determine
which of the other alleged employment actions are "adverse" is
best suited for later stages of the litigation.


                    2. Inference of Discrimination
     Defendant next objects that the discussion of comparators in
Plaintiff's pleadings is insufficient to establish an inference
of discrimination.  (Def. Obj. at 4-6.)
     Plaintiff, an African-American man, alleges that four
employees were similarly situated to him but treated more
favorably: three men who are not African-American and one
African-American woman.  Defendant's first Objection, reviewed <u>de
novo</u> here, is that because each person Plaintiff names is either
the same race or same gender as Plaintiff, each comparator is a
member of Plaintiff's protected class, and thus, no inference of
discrimination can arise.  (<u>Id.</u> at 4-5.)  Defendant cites no
authority for the proposition that to raise an inference of

                               13

discrimination, Plaintiff must, as a matter of law, find a non-African-American, female comparator.

The Second Circuit has recognized that "a plaintiff's discrimination claims may not be defeated . . . based merely on the fact that certain members of a protected class are not subject to discrimination, while another subset is discriminated against based on a protected characteristic shared by both subsets." Gorzynski v. Jetblue Airways Co., 596 F.3d 93, 109 (2d Cir. 2010); see also Wolf v. Time Warner, Inc., No. 09 Civ. 6549(RJS), 2011 WL 856264, at *7 (S.D.N.Y. Mar. 3, 2011) (holding that Plaintiff sufficiently pleaded an inference of discrimination on the bases of sex and sex-plus-age where comparators were men and younger women).  Thus, this Court will not dismiss Plaintiff's claim that he was discriminated against as an African-American man merely because his employer may not have discriminated against African-American women or against men who are not African-American.

The Court next reviews Defendant's Objection that Plaintiff fails to allege any facts indicating that he was similarly situated in all material respects to his comparators.  (Def. Obj. at 5-6.)  This Objection repeats the same argument Defendant made in its Motion to Dismiss.  (Mot. to Dismiss at 12.)  Arguments that relitigate issues are entitled to review only for "clear

14

error."  See IndyMac Bank, F.S.B. v. Nat'l Settlement Agency,
Inc., 07 Civ. 6865(LTS), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3,
2008).  The Court, having found none, adopts Judge Yanthis's
finding that Plaintiff's allegations give Defendant fair notice
of his discrimination claim, which is facially plausible.

Defendant next argues that Plaintiff and his comparators
are, in fact, not similarly situated.  When deciding whether a
comparator is similarly situated, courts consider, inter alia,
"whether the conduct [engaged in by Plaintiff and his comparator]
for which the employer imposed discipline was of comparable
seriousness."  Jenkins v. St. Lukes-Roosevelt Hosp. Ctr., No. 09
Civ. 12(RMB), 2009 WL 3682458, at *7 (S.D.N.Y. Oct. 29, 2009)
(internal quotation marks omitted).  The cases Defendant cites to
show that Plaintiff's conduct was not of comparable seriousness
to that of his comparators are inapposite.  In Jenkins, the
comparator had not committed the same violation as the Plaintiff.
Id. at *8.  Here, Plaintiff alleges and Defendant concedes that
Plaintiff and his comparators violated the same workplace policy
- failing to make phone calls at the proper times.  (See Def.
Obj. at 6.)  In Anderson, the "plaintiff ha[d] failed to allege
in even conclusory fashion that he and [the comparator] were
similarly-situated employees."  850 F. Supp. 2d at 407.  In
contrast, Plaintiff names four people not in his protected class

15

who he alleges were "in the same situation" and committed the
same violation, but were "treated more favorably." (See Pl.
Compl. at 13.)  "[O]n a motion to dismiss, these allegations
satisfy the fourth prong of the prima facie case, i.e., that the
action taken against [Plaintiff] may be construed as having
occurred under circumstances giving rise to an inference of
discrimination." Morales v. Long Island R.R. Co., No. 09 Civ.
8714(HB), 2010 WL 1948606, at *4 (S.D.N.Y. May 14, 2010)
(internal quotation marks omitted) (holding that Plaintiff was
similarly situated to comparators who had also allegedly been
caught sleeping on the job).  Therefore, the Court adopts all of
Judge Yanthis's findings as to Plaintiff's use of comparators.

> ### C. Defendant's Objections to Plaintiff's Retaliation
> ###    Claim

Defendant objects to Judge Yanthis's finding that
Plaintiff's retaliation claim is facially plausible, arguing that
Plaintiff fails to raise an inference of retaliation because (1)
four months elapsed between Plaintiff's protected activity and
the alleged retaliation, and (2) Plaintiff was subject to
disciplinary action before, during, and after engaging in
protected activity.  (Def. Obj. at 10-12.)  These Objections,
however, merely repeat the arguments Defendant made in its Motion

to Dismiss (see Mot. to Dismiss at 16-18), and therefore are
entitled only to "clear error" review.  See IndyMac Bank, 2008 WL
4810043, at *1.  Having found no clear error, the Court adopts
Judge Yanthis's finding that Plaintiff's pleadings allege a
plausible retaliation claim.


   IV.   Portions of the Report to Which Neither Party Has
         Objected

   The Court may apply a "clear error" standard of review to
those portions of the Report to which neither Party has objected.
DiPilato, 662 F. Supp. 2d at 339.  Having found no clear error,
the Court adopts Judge Yanthis's findings as to those parts of
the Report to which no timely Objections have been made.


   V.  Conclusion

   Having conducted the appropriate levels of review of the
Report and Recommendation of United States Magistrate Judge
George A. Yanthis dated March 23, 2012, this Court MODIFIES the
Report's legal findings pertaining to the proper pleading
standard for pro se plaintiffs.  (See Report at 11.)  The Court
APPROVES, ADOPTS, and RATIFIES the Report's factual recitations
(see id. at 1-8) and all remaining legal findings and
recommendations (see id. at 8-17).  Accordingly, Defendant's

Motion to Dismiss is GRANTED in part and DENIED in part.


    SO ORDERED.

    Dated:     New York, New York
               November 5, 2012

                                    _Deborah A. Batts_____

                                    Deborah A. Batts
                            United States District Judge