UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAURICE A. CHINNERY,

                Plaintiff,

    -against-

NEW YORK STATE OFFICE OF CHILDREN
AND FAMILY SERVICES and ROGER
RASCO, Family Director,

                Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 4/24/13

**REPORT AND RECOMMENDATION**

10 Civ. 882 (DAB)(GAY)

TO THE HONORABLE DEBORAH A. BATTS, United States District Judge:

    Plaintiff, a former Youth Division Aid with the New York State Office of Children and Family Services ("OCFS"), claims that defendants OCFS and its Family Director, Roger Rasco, discriminated against him because of his race and gender and retaliated against him for complaining of discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the New York State Human Rights Law ("HRL"), N.Y. Exec. Law §§ 290 to 297. Defendant OCFS filed a motion to dismiss, which Your Honor referred to the undersigned. By Report and Recommendation dated March 23, 2012, the undersigned recommended that Your Honor grant OCFS's motion in part and dismiss the state claims. By Order dated November 5, 2012, Your Honor adopted, as modified, the Report's recommendations and dismissed plaintiff's state claims.[1]

---

[1] The Court dismissed the HRL claims for lack of subject matter jurisdiction, pursuant to the "election of remedies" provision of the Human Rights Law, N.Y. Exec. Law. § 297(9), because plaintiff had previously filed a complaint with the New York

Copies mailed / ~~handed~~ / ~~faxed~~ to Plaintiff 4/24/13

Presently before this Court is defendant Rasco's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss are analyzed under the same standard of review. See Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010) (citation omitted). Thus, in order to survive a Rule 12(c) motion, plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Although "the 'plausibility' standard articulated in *Twombly* and *Iqbal* applies to the pleadings of *pro se* plaintiffs as well as to those of represented litigants," see Thomas v. Calero, 824 F. Supp.2d 488, 497 (S.D.N.Y. 2011), the Court is nonetheless "obligated to construe a *pro se* complaint liberally." See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints must be interpreted to "raise the strongest arguments that they suggest." See Soto v. Walker, 44 F.3d 169, 173 (2d Cir.1995) (quotation and citation omitted).

Here, plaintiff's Title VII claims are the only claims remaining. However, "individuals are not subject to liability under Title VII." See Sassaman v. Gamache, 566 F.3d 307, 315–16 (2d Cir. 2009) (quotation and citation omitted). See also Lore v. City of Syracuse, 670 F.3d 127, 169 (2d Cir. 2012) ("Title VII does not impose liability on

---

State Division of Human Rights alleging the same underlying conduct. The HRL claims against OCFS were also dismissed on Eleventh Amendment grounds.

individuals."); Mandell v. County of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003) (affirming dismissal of Title VII claims "because under Title VII individual supervisors are not subject to liability").

Accordingly, I conclude, and respectfully recommend, that Your Honor grant the instant motion and dismiss all claims against defendant Roger Rasco.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Deborah A. Batts, United States District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned at 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Deborah A. Batts and not to the undersigned.


Dated:  April 23, 2013
        White Plains, New York

Respectfully Submitted:

_____
GEORGE A. YANTHIS, U.S.M.J.