```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MAURICE A. CHINNERY,

                    Plaintiff,
                                          10 Civ. 0882 (DAB)
          v.                              MEMORANDUM & ORDER

NEW YORK STATE OFFICE OF CHILDREN
AND FAMILY SERVICES,

                    Defendant.
------------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

Plaintiff Maurice A. Chinnery, proceeding pro se, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging that the New York State Office of Children and Family Services ("Defendant") discriminated against him on the basis of his race and gender and engaged in retaliation. On April 25, 2014, United States Magistrate Judge Frank Maas issued a Report and Recommendation ("Report") recommending that Defendant's Motion for Summary Judgment be GRANTED in its entirety. (Report at 28.) For the reasons set forth below, after conducting a de novo review of Plaintiff's Objections where appropriate, the Court ADOPTS in full the Report of Magistrate Judge Maas. Accordingly, Defendant's Motion for Summary Judgment is GRANTED and this action is DISMISSED with prejudice.

I.   Objections to the Report and Recommendation

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1). The Court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, "to the extent that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." DiPilato, 662 F. Supp. 2d at 339 (internal quotation marks, brackets and ellipses omitted); see also Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted). After conducting the appropriate levels of review, "the Court may accept, reject, or modify, in whole or in part, the findings

2

or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

II. Plaintiff's Objections

Plaintiff filed timely Objections to Judge Maas's Report,[1] and Defendant has filed a responsive Memorandum of Law. Objections of pro se parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." Howell v. Port Chester Police Station, No. 09 Civ. 1651, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (internal quotation marks omitted) (citation omitted). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id.

---

[1] Objections to the Report were initially due by May 12, 2014. (See Report at 28.) Plaintiff sought an extension of that deadline, and the Court granted the request and set a new deadline of June 26, 2014. (ECF No. 88.) Plaintiff's Objections nevertheless appear to have been signed on June 27, and were filed with the Court on the same date. (Pl.'s Objs. at 1-2.) Plaintiff neither sought nor was granted a further extension of the June 26 deadline. In light of the leniency generally accorded pro se plaintiffs, the Court hereby grants nunc pro tunc a one-day extension of the deadline for filing objections to June 27, 2014.

Objections that correct misstatements of previously pleaded facts receive de novo review. See Kalderon v. Finkelstein, No. 08 Civ. 9440, 2010 WL 3359473, at *2 (S.D.N.Y. Aug. 25, 2010) (giving de novo review to specific factual corrections of Magistrate Judge's alleged "misstatements and inaccuracies"); see also Bradley v. City of New York, No. 04 Civ. 8411, 2007 WL 232945, at *5 (S.D.N.Y. Jan. 26, 2007) (modifying inaccurate facts in Magistrate Judge's report in light of clarifying objections). However, courts will not consider objections that assert new factual allegations, unless the party justifies its failure to present those allegations to the Magistrate Judge. See Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offer[s] no justification for not offering the testimony at the hearing before the magistrate.") (internal quotation marks omitted).

With two exceptions discussed below, Plaintiff's Objections make new allegations as to minor issues of fact immaterial to Defendant's Motion for Summary Judgment. (See Pl.'s Objs. ¶ 1 (Plaintiff "started working January 22, 2002"); id. ¶ 2 (asserting that "the most important part is safety and security of residents"); id. ¶ 5 (Plaintiff's return to overnight tour in early 2007 was a result of a "hardship request" rather than a

4

second chance given by Roger Rascoe, see Report at 7); Pl.'s Objs. ¶ 6 (Plaintiff denies receiving Notice of Discipline); id. ¶ 7 (attempting to explain the delay in filing Plaintiff's discrimination charge); id. ¶ 8 (Plaintiff "returned to the overnight tour on January 6, 2008, not January 5, 2008"); id. ¶ 9 (noting the circumstances of the injuries that led to Plaintiff's worker's compensation leave); id. ¶ 10 (Plaintiff "filed his initial complaint of race and discrimination claims on December 31, 2007 with the E.O.D.D., not January 8, 2008").) Plaintiff neither contends that he presented these factual clarifications to Judge Maas nor attempts to justify his failure to do so. Moreover, Plaintiff offers no evidence to support his contentions. Accordingly, the Court will not consider these Objections.

Two of Plaintiff's Objections address material issues of fact that were considered and addressed by Judge Maas; in view of Plaintiff's status as a pro se litigant, the Court will review these Objections de novo. First, Plaintiff objects that fellow Youth Division Aides Millicent Johnson and Peter Castelli "have been written up and fined in the past, and continued to miss census calls in 2007 and 2008," yet were never removed from a shift or terminated. (Pl.'s Objs. ¶ 3.) Plaintiff is largely restating arguments made to and addressed by Judge Maas, who noted that Defendant had conceded that neither Johnson nor

5

Castelli were suspended or terminated for missing census calls and nevertheless concluded that neither were similarly situated to Plaintiff because they missed far fewer census calls than Plaintiff. (See Report at 20-21.) To the extent Plaintiff is asserting that Johnson and Castelli were written up or fined, Plaintiff again fails to provide evidence for this claim or justification for his failure to present it to Judge Maas. Moreover, assuming that Johnson and Castelli were written up or fined, that is not inconsistent with Judge Maas's conclusion. In fact, it would only lend further support to Defendant's argument that Youth Division Aides — including Chinnery — were treated equally and in accordance with their respective infractions. Thus, on de novo review, the Court accepts and adopts the Report's findings and recommendations regarding Youth Division Aides Millicent Johnson and Peter Castelli.

Plaintiff's next and final objection is that that he missed only 32 census calls between January 14 and June 6, 2006. (Pl.'s Objs. ¶ 4.) Judge Maas concluded that Plaintiff missed more than 100 census calls during that time, based on a June 2006 Memorandum removing Plaintiff from his overnight shift and a January 2007 Annual Performance Evaluation. (Report at 6-7; see Lynch Decl. Exs. 10, 11.) To support his assertion that he missed only 32 census calls between January 14 and June 6, 2006, Plaintiff attaches what is purportedly a Missed Census Calls

6

List for that period. (Pl.'s Objs. at 25-27.) Once again, Plaintiff neither contends that he presented these factual allegations to Judge Maas nor attempts to justify his failure to do so. Moreover, the document appears to be incomplete, as there is a lengthy gap — from March 4 to May 28, 2006 — in the list of dates and times on which Plaintiff failed to make a required census call. (Id. at 26-27.) As a result, Plaintiff's contention that he missed only 32 census calls in that period is tardy and unpersuasive. Accordingly, on de novo review, the Court accepts and adopts the Report's findings and recommendations pertaining to Plaintiff's missed census calls between January 14 and June 6, 2006.

III. Portions of the Report to Which Neither Party Has Objected

The Court reviews those portions of the Report to which neither party has objected for clear error. DiPilato, 662 F. Supp. 2d at 339. Having found no clear error, the Court adopts Magistrate Judge Maas's findings as to those parts of the Report to which no objections have been filed.

IV. Conclusion

Having conducted the appropriate levels of review of the Report and Recommendation of United States Magistrate Judge Frank Maas dated April 25, 2014, this Court APPROVES, ADOPTS,

and RATIFIES the Report's factual recitations (see Report at 1-13) and its legal findings and recommendations (see id. at 13-28). Accordingly, Defendant's Motion for Summary Judgment is GRANTED and this action is DISMISSED with prejudice. The Clerk of the Court is respectfully directed to close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  New York, New York
        March 10, 2015

_____
Deborah A. Batts
United States District Judge